# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ANN LANGFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 2:14-00070-KD-M |
| ) | |
| HALE COUNTY ALABAMA ) | |
| COMMISSION and ) | |
| ARTHUR CRAWFORD in his Individual ) | |
| and Official Capacity, ) | |
| ) | |
| Defendants.[1] ) | |

## ORDER

This action is before the Court on Defendants' motion for judgment as a matter of law, or in the alternative, for remittitur or a new trial (doc. 88) and Plaintiff's response (doc. 97). Upon consideration, and for the reasons set forth herein, the motion is **DENIED**.

I. <u>Defendants' Rule 50(b) motion for judgment as a matter of law</u>

The Court of Appeals for the Eleventh Circuit recently set out the standard for reviewing post-trial motions pursuant to Rule 50(b), as follows:

> Federal Rule of Civil Procedure 50(a)(2) provides that a party may move for judgment as a matter of law "before the case is submitted to the jury." Fed.R.Civ.P. 50(a)(2). "The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." *Id*. If a district court does not grant the motion, the movant may file "a renewed motion," under Rule 50(b), after trial. Fed.R.Civ.P. 50(b).
>
> "The standard for granting a renewed motion for judgment as a matter of law under Rule 50(b) is precisely the same as the standard for granting the pre-submission motion [under 50(a)]." *Chaney v. City of Orlando*, 483 F.3d 1221, 1227 (11th Cir.2007) (alteration in original) (quoting 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2537 (2d ed.1995)). Thus, as

---

[1] Defendant Hale County, Alabama was dismissed on motion for summary judgment (Doc. 56).

with motions under Rule 50(a), the question before a district court confronting a renewed Rule 50(b) motion is whether the evidence is "legally sufficient ... to find for the party on that issue." Fed.R.Civ.P. 50(a)(1).

In considering whether the verdict is supported by sufficient evidence, "the court must evaluate all the evidence, together with any logical inferences, in the light most favorable to the non-moving party." *Beckwith v. City of Daytona Beach Shores,* 58 F.3d 1554, 1560 (11th Cir.1995). And, as we have stressed, "[i]t is the jury's task—not [the court's]—to weigh conflicting evidence and inferences, and determine the credibility of witnesses." *Shannon v. Bellsouth Telecomms., Inc.*, 292 F.3d 712, 715 (11th Cir.2002) (quoting *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir.2001)).

*McGinnis v. American Home Mortgage Servicing, Inc*., 817 F.3d 1241, 1254–1255 (11th Cir. 2016).

Defendants move the Court to grant their Rule 50(b) motion for judgment as a matter of law and reduce the jury's award of $110,230.00 for Plaintiff's 14th Amendment procedural due process violation to nominal damages of $1.00. In response, Plaintiff argues that in order to raise a post-verdict issue under Rule 50(b), Defendants must first have raised the issue in a Rule 50(a) motion before the verdict. Plaintiff argues that Defendants failed to do so as to any aspect of her due process claim; and therefore, Defendants' Rule 50(b) motion is due to be denied.

In the 2006 Amendment to the Rule, which eliminated the requirement that Rule 50(a) motions must be renewed at the close of all evidence, the Advisory Committee stated as follows: "Because the Rule 50(b) motion is only a renewal of the preverdict motion, it can be granted only on grounds advanced in the preverdict motion." Fed. R. Civ. P. 50, Advisory Committee Notes to 2006 Amendment. Moreover, as delineated by the Court of Appeals for the Eleventh Circuit, " '[a] Rule 50(b) motion is a renewal of a Rule 50(a) motion. This Court repeatedly has made clear that any renewal of a motion for judgment as a matter of law under Rule 50(b) must be based upon the same grounds as the original request for judgment as a matter of law made

2

under Rule 50(a) at the close of the evidence and prior to the case being submitted to the jury.' " *U.S. S.E.C. v. Big Apple Consulting USA, Inc.,* 783 F.3d 786, 813 (11th Cir. 2015) (quoting *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 903 (11th Cir.2004)) "In order to ensure that opposing counsel is not 'ambushed' by a sufficiency of the evidence argument, a party may renew its Rule 50(a) motion after trial 'under Rule 50(b), but a party cannot assert grounds in the renewed motion that it did not raise in the earlier motion.'" *Id.*, quoting *Celebrity Cruises*, 394 F.3d at 903 (internal quotation marks omitted)); *Jaimes v. GEICO General Ins. Co.*, 534 Fed.Appx. 860, 865 (11th Cir. 2013)(same) ("Because GEICO failed to argue in its Rule 50(a) motion that Jaimes breached the Policy's notice provision by failing to promptly inform GEICO of the Lindenbergers' suit, the district court lacked authority to enter judgment under Rule 50(b) based on that argument."); *Shannon v. Bellsouth Telecommunications, Inc.*, 292 F.3d 712, 717 n. 3 (11th Cir. 2002) ("BellSouth also argues that Shannon failed to present legally sufficient evidence for a reasonable jury to award compensatory damages on his retaliation claim. We will not entertain this argument, because BellSouth raised this issue for the first time in its postverdict renewed motion for judgment as a matter of law. If a party asserts new grounds in its renewed motion for judgment as a matter of law that it did not assert in its initial motion for judgment as a matter of law, a court 'may not rely on the new grounds to set aside the jury's verdict.'") (quoting *Ross v. Rhodes Furniture, Inc.*, 146 F.3d 1286, 1289 (11th Cir.1998)).

The Court previously found as a matter of law that Plaintiff had been denied her procedural due process rights under the Fourteenth Amendment because she did not receive pre-termination notice or a hearing (doc. 56, p. 20). The issue of damages was carried to trial and the question for the jury to resolve was whether there was evidence to support an award of more than nominal damages of $1.00.

In their motion, Defendants cite *Akouri v. State of Florida Dept. of Transportation,* 408 F. 3d 1338, 1343-1344 (11th Cir. 2005) to support their argument that "[w]hen a plaintiff fails to put forth substantial evidence of her damages, the court may reduce a jury's award to nominal damages pursuant to a Rule 50 motion." (Doc. 88, p. 2) However, in *Akouri*, the defendant raised the issue of damages by a timely Rule 50 motion during trial. Thus, a renewed Rule 50(b) motion after the verdict was permissible in that action.[2]

The Court has been unable to find in the trial transcript where the Defendants moved for judgment as a matter of law under Rule 50(a) on basis that the evidence was insufficient to support more than nominal damages for Plaintiff's due process violation.[3] Accordingly, Defendants' Rule 50(b) renewed motion for judgment as a matter of law is denied.

---

[2] The Eleventh Circuit explained as follows: "To the extent Akouri contests the DOT's ability to challenge the sufficiency of the evidence in its motion for JNOV [Rule 50(b) motion], we find that the DOT has not waived its argument. At the charge conference, the DOT moved to strike the damage interrogatories to the jury in their entirety on the ground that Akouri had failed to present any evidence of his salary while employed by the DOT. *The district court felt the objection would be more appropriately raised as a Rule 50 matter and, therefore, permitted the DOT to amend and renew its Rule 50 motion. Accordingly, the DOT did not waive its evidentiary argument as it was plainly raised to the district court in a timely manner.*" *Akouri*, 408 F.3d at 1344 (bracketed text added) (emphasis added).

[3] (Exhibit A, Official Transcript Excerpts, p. 8-12: Defense counsel: "I think that the more clear point right now is that there's been very, very little bit of evidence as to the First Amendment Claim as to why she was fired in associating with Judge Avery. There's been a lot of evidence, certainly a lot of evidence, about the race claim, but most of the evidence thus far has been about, you know, the due process claim, that she wasn't granted due process. Well, that's a separate issue." The Court: "Well, as to the political claim, First Amendment claim, I deny your motion. As to the race claim, what evidence do we have that it was race- based other than she was white".... The Court: "Denied on the First Amendment. Carried under advisement on the race discrimination. Do you have any other motion?" Defense counsel: "Not at this time."); (Exhibit B, Official Transcript, Excerpts, p. 4-5; Defense counsel: "We renew our motions for judgment as a matter of law on behalf of the Commission, on 1983, Judge Arthur Crawford in his official and individual capacities - - for all defendants in all counts." The Court: "And for all claims?" Defense counsel: "And for all claims, yes, ma'am." The Court: "So I grant the summary judgment on the 1983 claims as to the race and First Amendment as to the County

II. Defendants' motion for remittitur and alternative motion for new trial under Rule 59

A. Remittitur

In the Eleventh Circuit, as an alternative to ordering a new trial, the district court may order remittitur and reduce the compensatory damages awarded by the jury. The remedy for a damages award that is "outside the bounds of evidence is for the 'district court [to] reduce the award to the maximum amount established by the evidence.'" *Hicks v. City of Tuscaloosa*, 2016 WL 1180119, at *7 (N.D. Ala., 2016) (quoting *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1268 (11th Cir. 2008); *Sand v. Dawasaki Motors Corp. U.S.A.,* 513 Fed. Appx. 847, 855 (11th Cir. 2013) ("In general, a remittitur order reducing a jury's award to the outer limit of the proof is the appropriate remedy where the jury's damage award exceeds the amount established by the evidence.") (quoting *Goldstein v. Manhattan Industries, Inc.*, 758 F.2d 1435, 1448 (11th Cir. 1985)). However, before remitting the award of damages, the "Seventh Amendment requires a plaintiff be given the option of a new trial in lieu of the court's discretionary remittitur of a jury's award." *Breland v. Levada Ef Five, LLC*, 2016 WL 1717207, at *7 (S.D. Ala., July 6, 2016) (quoting *Johansen v. Combustion Engineering, Inc.*, 170 F.3d 1320, 1329 (11th Cir. 1999)). However, "if legal error is detected, the federal courts have the obligation and the power to correct the error by vacating or reversing the jury's verdict." *Johansen*, 170 F.3d at 1330. "The Seventh Amendment is not offended by this reduction because the issue is one of law and not fact." *Id.* Therefore, where there is legal error, the Court need not give Plaintiff the option of a new trial in lieu of remittitur.

---

Commission. The Title 7 claim motion for summary judgment against the County Commission is denied. The motions for summary judgment as to Arthur Crawford in his individual and official capacity as to both claims are denied.").

In support of their motion for remittitur, Defendants argue that in the final instructions and in response to the jury's question, the jury was properly instructed that Plaintiff was "entitled to compensatory damages on her due process claim only if [the jury] found that she would not have been terminated if her due process rights had not been violated." (Doc. 88, p. 1) Defendants point out that Plaintiff did not object to these instructions. Defendants argue that all the "evidence adduced at trial … established that a pre-disciplinary hearing would not have changed the outcome" (*Id*., p. 2) and since Defendant Crawford would have terminated Plaintiff anyway, there was no substantial evidence from which a reasonable jury could find that Plaintiff was entitled to anything more than nominal damages of $1.00; "the outer limit of proof in this case." (Doc. 88, p. 1-2)

Plaintiff argues that the Defendants have not correctly stated the instruction to the jury. Plaintiff argues that the jury was instructed that she could recover more than nominal damages if she could "show by a preponderance of the evidence that she suffered some actual compensable injury caused solely by the failure to give her procedural due process." (Doc. 97, p. 5) In support, Plaintiff argues that when an employee is terminated without a hearing, the employer may only suspend with pay, and that there was "ample testimony" regarding her lost wages and benefits to support an award of damages, from termination until trial.[4]

Plaintiff also argues "there was ample testimony of mental anguish caused solely by Defendants' failure to provide due process." (Doc. 97, p. 7) Plaintiff argues that after her

---

[4] Plaintiff argues that the damages award of $110,230.00 was less than the evidence presented as to total lost wages between the termination and trial - $153,831.60. Plaintiff testified that she was paid $1,820.49 biweekly. She was terminated in March 2013 and the jury returned its verdict in June 2016, three years and three months later, or approximately 84 pay periods. Multiplying 84 pay periods times $1,820.49 yields $152,921.16.

termination was in the newspaper, people questioned her as to why she was terminated, but because Judge Crawford did not give her notice of the reasons, she did not know what to tell people, and that caused her significant stress and embarrassment. She argues that this emotional distress is a "discrete and actual compensable injury tied solely to the failure to give notice." (Id.)

In regard to damages for the due process violation, the Jury received the following final instruction:

> Now, you must at least award a nominal damage of $1 against Judge Crawford and the Hale County Commission for their violation of Ann Langford's due process rights.
>
> Now, in order for Ann Langford to recover more than this $1 nominal damage for the deprivation of due process, she must show by a preponderance of the evidence that she suffered some actual compensable injury caused solely by the failure to give her procedural due process.
>
> Now, if you find that the emotional distress or any other damages would have been incurred by Ann Langford even if proper procedures had been used in discharging her, then she is not entitled to such damages.

(Exhibit B, Official Transcript Excerpts, p. 6-7).

That same day, after the final instructions were given, and following a conference with counsel, the Jury received the following additional instruction:[5]

> To clarify the cumulative damage issue:
>
> Because the plaintiff is requesting the same damages on each claim, i.e., loss of wages, benefits and emotional distress based on her termination, she can only recover one time for these compensatory damages.
>
> Therefore, if you find that she has proven her race claim and that she has proven compensatory damages, then you should put that amount in the blank under the Race Discrimination section.

---

[5] The jury questioned how to calculate compensatory damages. (Exhibit B, Official Transcript Excerpts, p. 8-9).

7

If you also find that she has proven her 1st Amendment claim and that she has proven compensatory damages, then you should put that amount in the blank under the 1st Amendment section.

If you also find that she has proven compensatory damages on her Due Process claim, then you should put that amount in the blank under the Due Process section.

As to the Due Process claim, you may find:

1) that she is not due any compensatory damages, only nominal damages of $1, or

2) that she is due compensatory damages based on her termination

The amount of compensatory damages, if proven, should be the same for the Race Discrimination, 1st Amendment claim, and the Due Process claim, because the same evidence was presented as the basis for damages for each of these claims.

When the Court issues final judgment, it will note the amount awarded on each claim but actually award only one sum for compensatory damages.

Two examples to illustrate:

1) Race Disc. $50 – 1st Amend. $50 - Due Process $1 (nominal)
The court would award $51.

2) Race Disc. $200,000 – 1st Amend. $200,000 - Due process $200,000
The court would award $200,000.

(Doc. 94-3, p. 5-6) (Emphasis added) (Under seal).

On the morning of June 8, 2016, the Jury asked another question- "When deciding an amount for due process do you include compensatory damages (net lost wages & benefits)? - (Doc. 94-3, Under seal). The following additional instruction was given:

Compensatory damages includes:

a) Net lost wages and benefits
b) Other items of monetary damages
c) Emotional pain and mental anguish

8

> You may award compensatory damages for the due process violation instead of nominal damages ($1), if you find by a preponderance of the evidence that Ann Langford's termination would not have occurred if she had been given her due process right to notice and the opportunity to be heard.
>
> So if you determine that Ann Langford is due compensatory damages, then you would include net lost wages and benefits to the extent they have been proven by a preponderance of the evidence.

(Doc. 94-3, p. 4, Under Seal).

Upon review of the instructions, the Court finds that it may have erred (without objection) when giving the following instruction: "The amount of compensatory damages, if proven, should be the same for the Race Discrimination, 1st Amendment claim, and the Due Process claim, because the same evidence was presented as the basis for damages for each of these claims." (*See*, *supra,* p. 8). The error, however, was harmless because the jury obviously ignored this instruction.

Upon review, the court finds that Plaintiff presented sufficient evidence of her emotional distress (that occurred between her termination without explanation in March 2013 and May 2013, when she was first given an explanation) to support the verdict. Specifically, Plaintiff testified that she had lived in Greensboro, Alabama in Hale County, Alabama her entire life and knew most of the citizens. (Exhibit A, Official Transcript Excerpts, p. 5). She testified that when she asked Judge Crawford why she was terminated, he would not give her a reason but stated that there had been a "breach of trust and confidence." (Id., p. 2) Plaintiff testified that she was embarrassed and humiliated when she was terminated and a report of her termination was published in the newspaper. (Id., p. 5-6) Also, she testified that she had to go to work the next day and "face everybody that came in that office that day" and had to tell her coworkers and persons that she assisted, specifically customers and attorneys, "what was happening".

Moreover, "[i]t was embarrassing and humiliating and that was not just that day. For the rest of the next several days and weeks, months, everywhere you go. People ask what's happening to you, why it happened, details, even phones call from people, you know, wondering why you are not there." (Id., p. 6)  In May 2013, approximately two months after she was terminated in March 2013, she was shown a letter from defense counsel, which stated the reasons for her termination. (Id., p. 7)  *See Carey v. Piphus,* 435 U.S. 247, 263-264, 98 S. Ct. 1042 (1978) (finding that compensatory damages for emotional distress should be shown by competent, sufficient evidence and are "customarily proved by showing the nature and circumstances of the wrong and its effect on the plaintiff."); *Akouri*, 408 F.3d at 1345 ([A]lthough a plaintiff's testimony, standing alone, can support an award of compensatory damages for emotional distress based on a constitutional violation, "the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated; neither conclusory statements that the plaintiff suffered emotional distress nor the mere fact that a constitutional violation occurred supports an award for compensatory damages.") (quoting *Price v. City of Charlotte*, 93 F.3d 1241 (4th Cir.1996)).  Accordingly, Defendants' motion for remittitur is denied.

      B. <u>Alternative motion for a new trial pursuant to Rule 59</u>

      Rule 59(a)(1)(A) states that the "court may, on motion, grant a new trial on all or some of the issues – and to any party -- … after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A).  "Such grounds include 'the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving[.]'" *McGinnis,* 817 F.3d at 1254–1255 (11th Cir. 2016) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61 S. Ct. 189, 194 (1940)); *Frazier v. City of Gadsden*, 2016 WL 2771128, at *6 (N.D. Ala.,

Moreover, "[i]t was embarrassing and humiliating and that was not just that day. For the rest of the next several days and weeks, months, everywhere you go. People ask what's happening to you, why it happened, details, even phones call from people, you know, wondering why you are not there." (Id., p. 6)  In May 2013, approximately two months after she was terminated in March 2013, she was shown a letter from defense counsel, which stated the reasons for her termination. (Id., p. 7)  *See Carey v. Piphus,* 435 U.S. 247, 263-264, 98 S. Ct. 1042 (1978) (finding that compensatory damages for emotional distress should be shown by competent, sufficient evidence and are "customarily proved by showing the nature and circumstances of the wrong and its effect on the plaintiff."); *Akouri*, 408 F.3d at 1345 ([A]lthough a plaintiff's testimony, standing alone, can support an award of compensatory damages for emotional distress based on a constitutional violation, "the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated; neither conclusory statements that the plaintiff suffered emotional distress nor the mere fact that a constitutional violation occurred supports an award for compensatory damages.") (quoting *Price v. City of Charlotte*, 93 F.3d 1241 (4th Cir.1996)).  Accordingly, Defendants' motion for remittitur is denied.

    B. <u>Alternative motion for a new trial pursuant to Rule 59</u>

    Rule 59(a)(1)(A) states that the "court may, on motion, grant a new trial on all or some of the issues – and to any party -- … after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A). "Such grounds include 'the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving[.]'" *McGinnis,* 817 F.3d at 1254–1255 (11th Cir. 2016) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61 S. Ct. 189, 194 (1940)); *Frazier v. City of Gadsden*, 2016 WL 2771128, at *6 (N.D. Ala.,

May 13, 2016) (slip copy) (same). Generally, as to excessive damages, a "jury verdict may be vacated as excessive only if it is so large as to shock the conscience." *Ash v. Tyson Foods, Inc.*, 664 F.3d 883, 899 (11th Cir. 2011) (quoting *Sykes v. McDowell*, 786 F.2d 1098, 1105 (11th Cir.1986)): *Christopher v. Florida*, 449 F.3d 1360, 1368 (11th Cir. 2006) ("'a new trial should only be ordered where the verdict is so excessive as to shock the conscience of the court.'") (quoting *Simon v. Shearson Lehman Bros., Inc.,* 895 F.2d 1304, 1310 (11th Cir.1990)).

"Although a trial judge cannot weigh the evidence when confronted with a motion [for judgment] notwithstanding the verdict, in a motion for a new trial the judge is free to weigh the evidence." *McGinnis*, 817 F.3d at 1255 (citations omitted) (bracketed text in original). "[W]hen independently weighing the evidence, the trial court is to view not only that evidence favoring the jury verdict but evidence in favor of the moving party as well." *McGinnis*, 817 F.3d at 1255 (citations omitted). "Because it is critical that a judge does not merely substitute his judgment for that of the jury, 'new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence.' " *Frazier*, 2016 WL 2771128, at *6 (quoting *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001)).

Defendants "request that a new trial be ordered pursuant to Rule 59 … solely as to the issue of damages on the due process claims on the basis that the verdict was excessive" (doc. 88, p. 3). Plaintiff argues that there was sufficient evidence of an actual compensable injury tied solely to the failure to receive due process to support the verdict. Specifically, Plaintiff testified as to her emotional distress and economic damages. *See supra.* Plaintiff also argues that the verdict was consistent with awards in similar cases, and therefore, not excessive.

The Eleventh Circuit has instructed that it is "'particularly deferential to the fact finder's determination of compensatory damage awards for intangible, emotional harms because the harm is so subjective and evaluating it depends considerably on the demeanor of the witnesses.'" *Tucker v. Housing Authority of Birmingham Dist.*, 229 Fed. Appx. 820, 826–827 (11th Cir. 2007) (quoting *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1315 (11th Cir. 2001) (internal quotation omitted). Also, "[g]eneral compensatory damages do not have to be proven with a high degree of specificity, and they may be inferred from the circumstances or proven through testimony." *Davis v. Florida Agency for Health Care Admininstration*, 612 Fed. Appx. 983, 987 (11th Cir. 2015) (quoting *Akouri*, 408 F.3d at 1345). "'A plaintiff's testimony, standing alone, can support an award of compensatory damages for emotional distress based on a constitutional violation,' but 'the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulate; neither conclusory statements that the plaintiff suffered emotional distress nor the mere fact that a constitutional violation occurred supports an award for compensatory damages.'" *Tucker*, 229 Fed. Appx. at 827 (quoting *Akouri*, 408 F.3d at 1345) ; *Davis*, 612 Fed. Appx. at 987 ("A plaintiff's own testimony may support an award of compensatory damages for emotional distress, but the testimony must consist of more than conclusory statements that the plaintiff suffered from emotional distress.") (citing *Akouri,* 408 F. 3d at 1345).

Overall, the damages award for Plaintiff's procedural due process violation is not excessive and does not "shock the conscience". *Tucker*, 229 Fed. Appx. 820 (affirming award of $100,000 in damages for mental anguish); *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1349 (11th Cir. 2000) (upholding a jury's verdict of $150,000 as compensatory damages for emotional distress in an ADEA action as not "so excessive as to shock the conscience of the

court" and noting that review of "'awards of compensatory damages for intangible, emotional harms is deferential to the fact finder because the harm is subjective and evaluating it depends considerably on the demeanor of the witnesses.'") (quoting *Goldstein,* 758 F.2d at 1447 and quoting *Ferrill v. Parker Group, Inc.*, 168 F.3d 468, 476 (11th Cir.1999)); *Stallworth v. Shuler,* 777 F.2d 1431, 1435 (11th Cir. 1985) (affirming award of $100,000 in compensatory damages for mental anguish for Section 1981 and Section 1983 violations in a failure to promote action and finding that the "amount of the award is within the acceptable universe for such injuries under the evidence before us."). Accordingly, Defendants' alternative motion for new trial is denied.

**DONE** and **ORDERED** this the 16th day of September 2016.


 s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**