# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| ANN LANGFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 2:14-00070-KD-M |
| | ) | |
| HALE COUNTY ALABAMA | ) | |
| COMMISSION and | ) | |
| ARTHUR CRAWFORD in his Individual | ) | |
| and Official Capacity, | ) | |
| | ) | |
| Defendants.[1] | | |

## ORDER

This action is before the Court on Plaintiff Ann Langford's motion for equitable relief:

reinstatement or front pay (doc. 83, doc. 83-1, exhibit), Defendants' response (doc. 89, doc. 89-1,

exhibit), and Plaintiff's reply (doc. 95). Upon consideration and for the reasons set forth herein,

the motion is **DENIED.**

I. Procedural history[2]

In Count One, Plaintiff alleged that Defendants violated her procedural due process rights

under the Fourteenth Amendment because "they did not provide an opportunity for her to be

heard prior to being terminated" and failed to provide her "with notice or an opportunity to be

heard on her grievance" (doc. 1). Plaintiff brought Count One pursuant to 42 U.S.C. § 1983. The

---

[1] Summary judgment was granted in favor of Defendant Hale County, Alabama (Doc. 56).

[2] In Count Five, Plaintiff alleged that she was discriminated against on basis of her age. Plaintiff
conceded that claim at the summary judgment stage. In Count Six, brought pursuant to 42
U.S.C. § 1981, Plaintiff alleged race discrimination. Summary judgment was denied. However,
this claim was not addressed in the parties' joint pretrial document and no proposed jury
instruction was provided; therefore, the claim was not tried to the jury. In Count Seven, brought
pursuant to 42 U.S.C. § 1981, Plaintiff alleged retaliation on the part of the Hale County
Commission based on race. Summary judgment was granted in favor of Defendants.

Court granted Defendants' motion to dismiss Plaintiff's claim that she was denied post-termination procedural due process upon finding that she had a remedy for that claim in the state courts. The Court denied the motion to dismiss as to Plaintiff's claim that Defendants failed to provide pre-termination procedural due process (doc. 17). On cross motions for summary judgment, the Court found as a matter of law that Defendants Hale County Commission and Arthur Crawford in his official capacity, had failed to provide Plaintiff with pre-termination procedural due process because she did not receive notice of the reasons for her termination and an opportunity to respond before she was terminated. Defendant Crawford was granted qualified immunity as to the claim against him in his individual capacity. The issue of damages was reserved for trial (doc. 56). At trial, the jury awarded Plaintiff compensatory damages in the amount of $110,230.00 for the procedural due process violation (doc. 75-1, Verdict).

In Count Two, Plaintiff alleged that Defendants violated her right to Equal Protection under the Fourteenth Amendment by discriminating against her on basis of race. In Count Four, Plaintiff alleged that Defendant Hale County Commission had discriminated against her on basis of race in violation of Title VII of the Civil Rights Act of 1991. Defendants' motion for summary judgment was denied as to each of these claims (doc. 56). At trial the jury found that race was not a motivating factor in the decision to discharge Plaintiff, and thus, found in favor of Defendants as to the race discrimination claims (doc. 75-1, Verdict).

In Count Three, Plaintiff alleged that Defendants violated her First Amendment right to freedom of speech and freedom of political affiliation. The Court granted summary judgment in favor of Defendants as to Plaintiff's freedom of speech claim but denied summary judgment as to her freedom of political affiliation claim. Defendant Crawford was granted qualified immunity as to the claim against him in his individual capacity (doc. 56). As to her First Amendment

2

claim, the jury found that Plaintiff's political affiliation was a "motivating factor" in Defendant

Arthur Crawford's decision to discharge Plaintiff. (Id.)  The jury also found that Defendant

Crawford would have discharged Plaintiff "even if he had not taken her political affiliation into

account" (Id.). Plaintiff now seeks the equitable remedy of reinstatement or in the alternative

front pay.[3]

II. Analysis

Plaintiff argues that she is entitled to the equitable remedy of reinstatement because this

case is not "limited solely to a due process violation" (doc. 83, p. 2). Plaintiff argues that the

remedy is available because the "procedural due process violation is intertwined with a First

Amendment or race discrimination claim" and that "[i]t has been determined as a matter of both

fact and law that the Defendants acted illegally and with at least one improper motive" (doc. 95,

p. 7-8). Plaintiff also argues there has been no finding that her termination was justified, thus she

is entitled to reinstatement or front pay (doc. 95, p. 10).

Plaintiff points out that Defendants have officially informed her that there is no position

available. Therefore, as an alternative to reinstatement, the Plaintiff seeks an award of front pay

and benefits in the amount of $308,998.88.[4]

---

[3]  Reinstatement and its alternative, front pay, are forms of prospective equitable relief to be determined by the Court. *Brochu v. City of Riviera Beach*, 304 F.3d 1144, 1162 n. 31 (11th Cir. 2002) ("Front pay, like reinstatement, is a form of equitable relief which is determined by the court."  Front pay is "an amount of money awarded after trial in lieu of, or until, reinstatement.") (citing *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 847–48, 121 S.Ct. 1946 (2001)); *Munoz v. Oceanside Resorts, Inc.,* 223 F.3d 1340, 1349 (11th Cir. 2000) (same).

[4]  Plaintiff calculated her front pay from the date of the verdict on June 8, 2016 until her 66th birthday, "October 9, 2016", as follows: "Wages ($22.77/hour x 40 hours x 278 weeks and 3 days (64 months and 2 days) = $253,748.88 Benefits (65 months (including partial month) x $850) = $55,250.00" for a total of $308,998.88 (doc. 83, p. 7).  The date "October 9, 2016" may be an error. At trial, Plaintiff testified that she was 61years old and that her full retirement age was 66.  The correct date appears to October 9, 2021.  At her present employment, Plaintiff is

Defendants argue that they have no liability for any damages as to Plaintiff's First Amendment claim because they carried their burden of showing that the same decision to terminate her employment would have been made even without the impermissible motive. Defendants argue that the case is now limited solely to the equitable remedies available for a pre-termination procedural due process violation. Defendants assert that the only possible equitable remedy is to order that a hearing take place to determine whether Plaintiff should be reinstated. However, Defendants point out that Plaintiff did not pursue the post-termination hearing that she was offered at the time of her termination.

Defendants also argue that to award reinstatement or front pay would not be equitable because Plaintiff would be put in a "better position than the one which she would have occupied if she had been given a pre-termination hearing" (doc. 89, p. 6, 7). Defendants argue that because the evidence at trial showed that Plaintiff would have been terminated even if she had pre-termination notice and a hearing, an award of reinstatement or front pay based on a pre-termination due process violation would be a windfall, and not make-whole relief.

As an initial consideration, the Court finds that Plaintiff cannot obtain reinstatement or front pay based upon the jury's decision that her political affiliation was a motivating factor in Defendant Crawford's decision to terminate her employment. This is because the jury also determined that the Defendant would have made the same decision without regard to her political affiliation. In *Harris v. Shelby County Bd. of Educ.*, the Court of Appeals for the Eleventh Circuit explained that "with regard to employment discrimination claims brought pursuant to 42

---

paid $866.67 per month. Therefore, mitigation would be approximately $55,466.88 ($866.67 per month x 64 months = $55,466.88).

U.S.C. § 1983, this affirmative defense effects a total avoidance of liability, such that if a defendant proves that it would have taken the same action in the absence of discriminatory intent, the plaintiff is not entitled to any relief." 99 F.3d 1078, 1084, n. 5 (11th Cir.1996) (citing *Turnes v. AmSouth Bank, NA*, 36 F.3d 1057, 1062 (11th Cir.1994).

More recently, in *Ray v. City of Dothan*, the district court found that "the employer may avoid liability for a First Amendment violation only by proving either that the government's interest … in the efficient operation of the workplace supports the challenged action or that it would have reached the same decision even in the absence of the employee's associational activities". 2015 WL 3849576, at *15 (M.D. Ala. June 22, 2015). In *Rolland v. Cobb County School Dist.*, plaintiff claimed that she was terminated in violation of her First Amendment rights and brought suit pursuant to 42 U.S.C. § 1983. 2013 WL 4028874 (N.D. Ga. 2013). The district court explained that "[i]n cases where a plaintiff has shown a public employer acted under both lawful and unlawful motives, the public employer cannot be liable if the evidence shows the public employer would have arrived at the same employment decision even in the absence of the allegedly protected activity." *Id*. at *7 (quoting *Boldin v. Limestone County*, 152 Fed. Appx. 841, 846 (11th Cir.2005)). The district court further explained that "[i]n ... § 1983 lawsuits, the Supreme Court has recognized that an employer can avoid liability if it can prove that it would have made the same disputed employment decision in the absence of the alleged bias." *Id*. at *7 (quoting *Pennington v. City of Huntsville,* 261 F.3d 1262, 1269 (11th Cir. 2001)). Applying the same rationale to this action, Defendants have no liability as to Plaintiff's First Amendment claim because they were successful on their "same decision" defense.

The Court next considers whether Plaintiff may obtain reinstatement, or alternatively, front pay based solely upon the deprivation of her pre-termination procedural due process rights.

There is no dispute that the lack of a pre-termination hearing, where a property interest in continued employment exists, results in a separate procedural due process deprivation and forms the basis of a claim for relief. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 547-548, 105 S.Ct. 1487, 1496 (1985); *Fetner v. City of Roanoke*, 813 F.2d 1183, 1186 (11th Cir.1987) (where a "meaningful pre-deprivation process was viable" dismissed police chief stated "a valid procedural due process claim when he alleges that the defendants failed to give him written notice or a hearing before firing him."); *Hadder v. Walker County, Ala.*, 2014 WL 2465322, at *5 (N.D. Ala. May 30, 2014) ("In cases of public employment, the Supreme Court has recognized that termination without *any* pre-termination hearing is an independent violation of due process.") (italics in original) (citing *Loudermill,* 470 U.S. at 542, 105 S. Ct. at 1493).

As to relief, the Plaintiff cites *McKinney v. Pate* for the statement that "[i]n procedural due process cases, however, although the claimant may seek compensatory damages, the primary relief sought is equitable: for instance, in an employment case, the claimant typically seeks reinstatement and a properly conducted pre-termination hearing." 20 F.3d 1550, 1557 (11th Cir. 1994) (footnotes omitted).[5] Plaintiff relies upon this statement to assert that she is entitled to reinstatement, or alternatively front pay; but she does not request a properly conducted pre-termination hearing. However, *McKinney* does not support Plaintiff's request for reinstatement and front pay for the failure to give notice and an opportunity to be heard prior to termination.

McKinney received pre-termination due process. He received "written notice of the charges against him" and "at the Board hearing, he also heard an explanation of the Board's

---

[5]   As to compensatory damages, the Eleventh Circuit noted that "[h]ad the loss been treated as a deprivation of procedural due process, however, McKinney's monetary recovery would have been limited to the wages lost from the time of his termination through the time of the court's judgment. That recovery could have been supplemented, however, with equitable relief (such as reinstatement)." 20 F. 3d at 1558, n.12.

evidence[.]" 20 F. 3d at 1561. Also, McKinney "had the opportunity to present his side of the story through witnesses, evidence, and argument." *Id*. at 1561. Therefore, McKinney, "received a pre-termination hearing and, with it, all the process due under *Loudermill*." *Id*. at 1562. The issue was whether the termination hearing was biased to the point that his procedural due process rights were violated. Ultimately, the Eleventh Circuit found that "[e]ven if McKinney's bias allegations are true, the presence of a satisfactory state remedy mandates that we find that no procedural due process violation occurred." *Id.* at 1564.

In *Carey v. Piphus*, 435 U.S. 247, 98 S. Ct. 1042 (1978), the Supreme Court held that the remedy for a procedural due process violation is set by the extent of the injury that was caused by the denial of the constitutionally necessary procedural due process. The Supreme Court addressed the petitioner's argument that injury could not be *presumed* when a procedural due process violation occurs. The Supreme Court explained that "where a deprivation is justified but procedures are deficient, whatever distress a person feels may be attributable to the justified deprivation rather than to deficiencies in procedure. But … the injury caused by a justified deprivation, including distress, is not properly compensable under § 1983. This ambiguity in causation, . . . provides additional need for requiring the plaintiff to convince the trier of fact that he actually suffered distress because of the denial of procedural due process itself." *Id*. at 262-263 (footnote omitted) (bracketed text added). In other words, Plaintiff may obtain compensatory damages for injury actually caused by the pre-termination denial of due process if she presents sufficient proof that her injury actually was caused by the denial. This she has done. Plaintiff convinced the jury that at least some of her injury, whether emotional distress or other basis for compensatory damages, was "because of the denial of procedural due process itself" and was awarded damages. *Id.*

The question then is whether equitable relief is also necessary to make the Plaintiff whole. The Court finds that it is not. An equitable remedy is available to make a Plaintiff whole when remedies at law do not. The evidence before the Court indisputably indicates that Defendant Crawford would have terminated Plaintiff's employment even if she had received pre-termination notice and an opportunity to be heard. The only evidence of damage that resulted from the lack of pre-termination due process was Plaintiff's emotional distress and embarrassment in the community; for this she has been, at least, adequately compensated. Moreover, the court finds that Plaintiff's failure to avail herself of the full post-termination procedures also weighs against reinstatement for the purpose of an adequate pre-termination notice and hearing.

Thus, Plaintiff's request for reinstatement or front pay is DENIED.

DONE and ORDERED this the 16th day of September 2016.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE